[Dkt. Nos. 21 and 22]

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY
# CAMDEN VICINAGE

| | |
|---|---|
| D.S. & B.S., individually and on behalf of M.S., <br><br> Plaintiffs/Counterclaim-Defendants, <br><br> v. <br><br> VOORHEES TOWNSHIP BOARD OF EDUCATION, <br><br> Defendant/Counterclaim-Plaintiff. | Civil No. 16-131 (RMB/JS) <br><br> **MEMORANDUM ORDER** |

On December 21, 2016, this Court issued an Opinion and Order granting Plaintiffs' D.S. and B.S. "prevailing party" status on the very limited issue of stay put protection afforded to M.S.'s occupational therapy services. [Docket Nos. 21 and 22]. Generally speaking, the Court held that other than the stay put protection regarding occupational therapy, Plaintiffs obtained no additional merits-based relief than what had already been offered and afforded to M.S. by the Defendant Voorhees Township Board of Education's earlier settlement.

The question that remained was whether the Section 504 stay put relief that Plaintiffs sought in the Second Due Process Petition, but which was not the subject of the first settlement

should entitle Plaintiffs to attorney's fees.  The Court answered that question in the affirmative, and directed the parties to submit additional briefing.  For the reasons that follow, the Court will not award attorney's fees to the Plaintiffs.

In M.R. v. Ridley School District, 868 F.3d 218 (3d Cir. 2017), the Court of Appeals for the Third Circuit held that a fee award is available to parents who, after unsuccessfully challenging a school district's IEP, later obtain a court order requiring the school district to reimburse them for the costs of the child's stay put placement.  The rationale of Ridley applies here.  Even though Plaintiffs were unsuccessful in their challenges under the Second Due Process Petition – for reasons the Court set out in its Opinion, i.e., the School District had already agreed to such services – Plaintiffs would nonetheless be entitled to attorney's fees for Section 504 stay put costs.  The problem here, however, is that Plaintiffs have failed to provide any evidence that the settlement agreement between the parties gave Plaintiffs "backward-looking compensatory relief," which would be "an independent merits determination" entitling them to prevailing party status and fees.  Ridley, 868 F.3d at 230.  This is true not only with respect to the Section 504 occupational therapy services, but with what also appears to be

a newly resurrected argument regarding speech therapy services.[1] The parties have submitted no evidence that Plaintiffs obtained "backward-looking compensatory relief" with respect to either occupational therapy services or speech therapy services.

Accordingly,

IT IS ON THIS **9th** day of **November 2018**, **ORDERED** that Plaintiffs' request for an award of fees is **DENIED**; and

IT IS FURTHER **ORDERED** that the Clerk of the Court shall close the file.

s/Renée Marie Bumb
RENÉE MARIE BUMB
UNITED STATES DISTRICT JUDGE

---

[1] That there was no such evidence calls into question this Court's "prevailing party" decision, but the Court need not revisit the issue as it awards no fees.